[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The State of Connecticut has moved for upward modification of the child support order in this dissolution of marriage on grounds of substantial change of circumstances and substantial deviation from the child support guidelines. The motion was served on the defendant father in hand on January 30, 1998. The defendant was present in court on April 7, 1998. He reported that he was unemployed and filed an appearance as well as a financial affidavit showing zero income and zero expenses. He was ordered to conduct a diligent documented employment search and to return to court on May 19 with job logs, and if employed, with pay stubs. On May 19, only the plaintiff was present in court.
The parties to this action intermarried at Willimantic on July 21, 1988. There is one child issue of the marriage, Hannah Marie Moffitt, born January 8, 1990. The marriage was dissolved on August 30, 1996. The State was a party because AFDC had been paid for the child. The court, Solomon, J., ordered $1.00 per year alimony and "no support orders at this time". CT Page 6531
The defendant father was incarcerated in the correctional system at the time of the dissolution. He has now been released. Accordingly, the court finds that the circumstances of the parties have changed.
The State was unable to establish any earnings or earning capacity for the defendant. The Attorney General saught to establish support based on the amount of the public assistance grant. However, in a motion to modify, the burden of proof is on the party seeking the modification. Connolly v. Connolly,191 Conn. 468, 473, 464 A.2d 837 (1983); Kaplan v. Kaplan,185 Conn. 42, 46, 440 A.2d 252 (1981); Richard v. Richard, 23 Conn. App. 58,63, 579 A.2d 110 (1990); Murray v. Stone, 11 S.M.D. 149, 150 (1997); O'Dell v. O'Dell, 9 S.M.D. 7 (1995); Meyer v. Meyer, 7 S.M.D. 49, 52 (1993); Taylor v. Taylor, 7 S.M.D. 43, 44 (1993);Yochum v. Yochum, 6 S.M.D. 75, 80 (1992); Noble v. Noble, 6 S.M.D. 31, 32 (1992); Berluti v. Berluti, 5 S.M.D. 377, 381 (1991); Dubitzky v. Dubitzky, 5 S.M.D. 261, 271 (1991); Monahanv. Monahan, 4 S.M.D. 223, 227 (1990).
"That party must demonstrate that continued operation of the original order would be unfair or improper." Harlan v. Harlan,5 Conn. App. 355, 357, 496 A.2d 129 (1985); Murray v. Stone, 11 S.M.D. 149, 151 (1997); Kimery v. Kimery, 9 S.M.D. 54, 57 (1995);Taylor v. Taylor, 7 S.M.D. 43, 45 (1993); Yochum v. Yochum, 6 S.M.D. 75, 80 (1992); Noble v. Noble, 6 S.M.D. 31, 33 (1992);Kraynak v. Godfrey, 5 S.M.D. 250, 251 (1991); Romaniello v.Romaniello, 5 S.M.D. 87, 91 (1991); see also McGuinness v.McGuinness, 185 Conn. 7, 10, 440 A.2d 804 (1981); Noce v. Noce,181 Conn. 145, 149, 434 A.2d 345 (1980).
Although the State did not do a diligent investigation of the defendant's actual earnings or earning capacity, the record is not completely devoid of evidence. The court had previously ordered the defendant to conduct a diligent job search and report the results on the day of the hearing. The court may "attach an adverse inference to any failure to comply with these orders".Nicholas v. Nicholas, 10 S.M.D. 98, 99 (1996), affirmed, New London Judicial District at Norwich, doc. no. FA83 — 0074469 (October 8, 1997, Solomon, J.); see Blake v. Blake,211 Conn. 485, 493, 560 A.2d 396 (1989); Secondino v. New Haven Gas Co.,147 Conn. 672, 675, 165 A.2d 598 (1960). CT Page 6532
Furthermore, the plaintiff mother testified that in the past she has known the defendant to work full time earning up to $7.50 per hour. It is well established that a court may consider a party's earning capacity rather than actual income in computing a support order. Johnson v. Johnson, 185 Conn. 573, 576,441 A.2d 578 (1981); Miller v. Miller, 181 Conn. 610, 611-12, 436 A.2d 279
(1980); Siracusa v. Siracusa, 30 Conn. App. 560, 566, 621 A.2d 309
(1993); Carey v. Carey, 29 Conn. App. 436, 440, 615 A.2d 516
(1992); Hart v. Hart, 19 Conn. App. 91, 94, 561 A.2d 151 (1989);Murray v. Stone, 11 S.M.D. 149, 152 (1997), Brown v. Brown, 11 S.M.D. 140, 147 (1997); Englemann v. Englemann, 10 S.M.D. 90, 147(1997); Henja v. Brown, 10 S.M.D. 42, 147 (1996); Kimery v.Kimery, 9 S.M.D. 54, 57 (1995); Jodoin v. Jodoin, 9 S.M.D. 7, 8 (1995); Hay v. Hay, 8 S.M.D. 51, 54 (1994); Guidone v. Moschette,
8 S.M.D. 10, 11 (1994); Webster v. Webster, 8 S.M.D. 4, 5 (1994);Campbell v. Scott, 7 S.M.D. 8, 12, 8 CSCR 507, 11 Conn.Fam.L.J. 71 (1993); Bardsley v. Bardsley, 6 S.M.D. 112, 116 (1992);Ouellette v. Ouellette, 6 S.M.D. 83, 85 (1992). The child support guidelines provide for deviation where the court finds "[o]ther financial resources available to a parent." A parent's earning capacity is specifically included in this subsection. Conn. State Regs. § 46b-215a-3-(b)(1)(B).
The plaintiff mother does part-time housekeeping work and earns about $135.00 in addition to her temporary family assistance grant. The court rinds that the defendant has an earning capacity sufficient to allow him to earn at least $300.00 per week in gross income. As an earning capacity deviation the court finds $60.90 to be an appropriate child support order. The court orders the defendant to pay $60.90 per week plus an addition $6.00 per week on the arrearage, for a total of $66.90 per week. The arrearage order is payable to the state provided it will revert to the plaintiff at any time that there is an arrearage owed to her. The order is effective retroactive to January 30, 1998, the date of service of the motion. Payments are to be made to the State as directed by the Support Enforcement Division.
BY THE COURT
Harris T. Lifshitz Family Support Magistrate CT Page 6533