DELORES D. STEWART *v.* LEROY STEWART
(AC 17791)
(AC 18086)

Schaller, Mihalakos and Zarella, Js.

Argued February 25—officially released April 18, 2000

*Delores D. Stewart,* pro se, the appellant (plaintiff).

*Julia von Schilling,* for the appellee (defendant).

PER CURIAM. The plaintiff, Delores D. Stewart, appeals in AC 17791 from the trial court's denial of her "motion for payment," in which she alleged that she was owed back alimony. The trial court ruled that the plaintiff's claim had been previously denied by the court in 1993 and that the judgment had been affirmed by this court in *Stewart* v. *Stewart,* 41 Conn. App. 906, 675 A.2d 10, cert. denied, 237 Conn. 929, 678 A.2d 484 (1996). We conclude, as to the plaintiff's claims in AC 17791, that the trial court correctly ruled that the matter had been previously determined in *Stewart* v. *Stewart,* supra, 906. Accordingly, the denial of the plaintiff's motion for payment is affirmed.

The plaintiff appeals, in AC 18086, from the trial court's denial of her motion to modify alimony. The plaintiff claims on appeal, in essence, that the court abused its discretion in refusing to increase her alimony on the basis of a substantial change in circumstances consisting of deterioration in her health.

"The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts. . . . As has often been explained, the foundation for this standard is that the trial court is in a clearly advantageous position to assess the personal factors significant to a domestic relations case, such as demeanor and attitude of the parties at the hearing. . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did." (Citations omitted; internal quotation marks omitted.) *Simmons* v. *Simmons,* 244 Conn. 158, 174–75, 708 A.2d 949 (1998).

"[I]n determining [whether there has been an abuse of discretion] the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness." (Internal quotation marks omitted.) *Eldridge* v. *Eldridge*, 244 Conn. 523, 534, 710 A.2d 757 (1998). "[W]e do not review the evidence to determine whether a conclusion different from the one reached could have been reached." (Internal quotation marks omitted.) *Crowley* v. *Crowley*, 46 Conn. App. 87, 90–91, 699 A.2d 1029 (1997).

The trial court found, inter alia, that "the plaintiff's health is no worse now than what may have comprised her failing health in 1991." We conclude, on the basis of the evidence presented to the trial court, that the court reasonably could have concluded that the plaintiff failed to establish the claimed change in her circumstances. Accordingly, the court did not abuse its discretion in denying the motion for modification.

The denials of the plaintiff's motions for payment of alimony arrearage and for modification of alimony are affirmed.