RONALD N. IGNACIO *v.* THERESA
MONTANA-IGNACIO
(AC 19350)

Foti, Schaller and Mihalakos, Js.

Argued February 17—officially released May 9, 2000

*Theresa Montana*, pro se, the appellant (defendant).

*Ronald N. Ignacio*, pro se, the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant appeals from the judgment of the trial court denying her motion to modify custody and child support. The defendant claims on appeal, in essence, that the trial court abused its discretion in refusing to award custody of the parties' minor children to her and to modify the amount of child support that she is paying. The basis for the requested modification was her claim that the plaintiff was not looking out for the best interests of the children by, inter alia, taking them with him in his truck when he traveled to New York for work. The trial court denied the motion for modification, and the defendant brought this appeal.

"The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discre-

tion or its findings have no reasonable basis in the facts. . . . As has often been explained, the foundation for this standard is that the trial court is in a clearly advantageous position to assess the personal factors significant to a domestic relations case, such as demeanor and attitude of the parties at the hearing. . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did." (Citations omitted; internal quotation marks omitted.) *Simmons* v. *Simmons*, 244 Conn. 158, 174–75, 708 A.2d 949 (1998).

"[I]n determining [whether there has been an abuse of discretion] the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness." (Internal quotation marks omitted.) *Eldridge* v. *Eldridge*, 244 Conn. 523, 534, 710 A.2d 757 (1998). "[W]e do not review the evidence to determine whether a conclusion different from the one reached could have been reached." (Internal quotation marks omitted.) *Crowley* v. *Crowley*, 46 Conn. App. 87, 90–91, 699 A.2d 1029 (1997).

We conclude, on the basis of the evidence presented to the trial court, that the court reasonably could have concluded as it did that the defendant failed to establish a basis for modification of custody and support. Accordingly, the trial court did not abuse its discretion in denying her motion for modification.

The judgment is affirmed.