## CONNIE S. ALDER *v.* ROMAN ALDER
### (AC 19917)

Lavery, C. J., and Foti and O'Connell, Js.

Submitted on briefs September 15—officially released November 7, 2000

*David S. Grossman* filed a brief for the appellant (plaintiff).

---

*James R. Mulvey* filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. This is an appeal from the judgment dissolving the marriage of the parties. The plaintiff, Connie S. Alder, claims that the trial court improperly (1) awarded time limited alimony, (2) failed to award counsel fees to her and (3) allowed overseas visitation of the parties' minor child with the defendant, Roman Alder.[1] We affirm the judgment of the trial court.

"The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts. . . . As has often been explained, the foundation for this standard is that the trial court is in a clearly advantageous position to assess the personal factors significant to a domestic relations case, such as demeanor and attitude of the parties to the hearing. . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did." (Citation omitted; internal quotation marks omitted.) *Milbauer* v. *Milbauer*, 54 Conn. App. 304, 320, 733 A.2d 907 (1999).

"[I]n determining [whether there has been an abuse of discretion] the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness." (Internal quotation marks omitted.) *Ignacio* v. *Montana-Ignacio*, 57 Conn. App. 647, 648, 750 A.2d 491 (2000). "[W]e do not review the evidence to determine whether a conclusion different from the one reached could have been reached." (Internal quotation marks

---

[1] The court allowed the defendant to take the parties' minor daughter to Germany to visit her paternal grandparents.

omitted.) *Stewart* v. *Stewart*, 57 Conn. App. 335, 336–37, 748 A.2d 376, cert. denied, 253 Conn. 918, 755 A.2d 216 (2000).

Nothing in the record, transcripts or briefs would warrant a conclusion by us that the trial court abused its discretion.

The judgment is affirmed.