ANNA H. HATHAWAY *v.* STEPHEN G. HATHAWAY
(AC 20480)

Lavery, C. J., and Schaller and Cretella, Js.

Argued October 26—officially released November 21, 2000

*Renee Marie Houle*, with whom, on the brief, was *C. George Kanabis*, for the appellant (defendant).

*Raymond L. Baribeault, Jr.*, with whom, on the brief, was *Jeffrey W. Hill*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. This matter involves the dissolution of a fifty-seven year marriage. The defendant has appealed from the judgment of dissolution, claiming that the trial court abused its discretion in its financial and property award and in ordering the defendant to pay $10,000 toward the plaintiff's attorney's fees. We affirm the judgment of the trial court.

"The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts.

. . . As has often been explained, the foundation for this standard is that the trial court is in a clearly advantageous position to assess the personal factors significant to a domestic relations case, such as demeanor and attitude of the parties at the hearing. . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did." (Citations omitted; internal quotation marks omitted.) *Simmons* v. *Simmons*, 244 Conn. 158, 174–75, 708 A.2d 949 (1998).

In determining whether there has been an abuse of discretion, "the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness." (Internal quotation marks omitted.) *Eldridge* v. *Eldridge*, 244 Conn. 523, 534, 710 A.2d 757 (1998). "[W]e do not review the evidence to determine whether a conclusion different from the one reached could have been reached." (Internal quotation marks omitted.) *Crowley* v. *Crowley*, 46 Conn. App. 87, 90–91, 699 A.2d 1029 (1997).

In reaching its decision in the present case, the court properly considered the criteria set forth in General Statutes §§ 46b-81 (c),[1] 46b-82[2] and 46b-

---

[1] General Statutes § 46b-81 (c) provides: "In fixing the nature and value of the property, if any, to be assigned, the court, after hearing the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

[2] General Statutes § 46b-82 provides: "At the time of entering the decree, the Superior Court may order either of the parties to pay alimony to the other, in addition to or in lieu of an award pursuant to section 46b-81. The order may direct that security be given therefor on such terms as the court may deem desirable, including an order to either party to contract with a third party for periodic payments or payments contingent on a life to the

62,[3] the applicable case law and the evidence presented by the parties. Our review of the record, transcripts and briefs fails to disclose any abuse of discretion. The court's conclusions were in accordance with applicable law.

The judgment is affirmed.

other party. In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

[3] General Statutes § 46b-62 provides in relevant part: "In any proceeding seeking relief under the provisions of this chapter . . . the court may order either spouse or, if such proceeding concerns the custody, care, education, visitation or support of a minor child, either parent to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82. . . ."