## SHERRY RUSSELL *v.* KENNETH M. RUSSELL
### (AC 20631)

Schaller, Zarella and Pellegrino, Js.

Submitted on briefs September 15—officially released December 12, 2000

*Kenneth M. Russell,* pro se, the appellant (defendant), filed a brief.

*Richard Blumenthal,* attorney general, and *Lucia Szarzanowicz Ziobro* and *Donald M. Longley,* assistant attorneys general, filed a brief for the appellee (state).

*Rhonda M. Morra* filed a brief for the minor children.

*Opinion*

PER CURIAM. The pro se defendant, Kenneth M. Russell, appeals from the judgment of the trial court affirming the decision of a family support magistrate to deny his motion for modification of a child support order. The sole issue on appeal is whether the court improperly determined that the defendant failed to dem-

onstrate a change in circumstances that would justify modification.[1]

The following facts are relevant to our resolution of this appeal. The court dissolved the marriage of the parties and entered a support order for the dependent children on November 9, 1990. On June 18, 1999, the plaintiff sought, and was granted, an increase in the defendant's child support payments. The defendant later filed a motion to reduce child support payments. On October 29, 1999, the motion was argued before a magistrate, who denied the motion, finding no change in circumstances to support a modification of the order. On November 8, 1999, the defendant appealed from the denial of the motion, pursuant to General Statutes § 46b-231 (n),[2] and the court, *Caruso, J.*, in a memorandum of decision filed March 6, 2000, affirmed the order of the magistrate. The defendant now appeals.

The defendant's entire argument supporting his claim is as follows: "Clearly, the loss of virtually all of the defendant's income upon expiration of his unemployment compensation was a substantial change of circumstances which should have been considered by the magistrate." The defendant provides no citation to authority or legal analysis to support that conclusion.

[1] The following issues raised on appeal by the defendant are improper attempts to reach the merits of a June 18, 1999 order by a family support magistrate that increased the defendant's support obligation. The defendant's subsequent motion to reduce the payments was denied by a second magistrate, whose order thereafter was affirmed by the court, *Caruso, J.* The issues the defendant now improperly raises to attack the June 18, 1999 order are (1) whether the magistrate improperly modified the original support order on June 18, 1999, and (2) whether the magistrate improperly refused the defendant an opportunity to rebut statements of annual income in arriving at the June 18, 1999 support order. Those issues are not properly before this court because the defendant did not appeal from the June 18, 1999 order. See Practice Book § 63-1 (a).

[2] General Statutes § 46b-231 (n) provides: "A person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section."

"Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural . . . law." (Internal quotation marks omitted.) *Zanoni* v. *Hudon*, 42 Conn. App. 70, 77, 678 A.2d 12 (1996); see also *Jacobs* v. *Fazzano*, 59 Conn. App. 716, 726, 757 A.2d 1215 (2000). "[N]othing more than [a] bare statement, without citation to legal authority, appears in his brief. Assignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." (Internal quotation marks omitted.) *Burke* v. *Avitabile*, 32 Conn. App. 765, 772, 630 A.2d 624, cert. denied, 228 Conn. 908, 634 A.2d 297 (1993).[3]

The judgment is affirmed.

---

[3] In any event, on the basis of the facts in the record, we would be disinclined to reverse the trial court's judgment affirming the magistrate's October 29, 1999 ruling. "The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts. . . . As has often been explained, the foundation for this standard is that the trial court is in a clearly advantageous position to assess the personal factors significant to a domestic relations case, such as demeanor and attitude of the parties at the hearing. . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did. . . . *Simmons* v. *Simmons*, 244 Conn. 158, 174–75, 708 A.2d 949 (1998)." (Internal quotation marks omitted.) *Stewart* v. *Stewart*, 57 Conn. App. 335, 336, 748 A.2d 376, cert. denied, 253 Conn. 918, 755 A.2d 216 (2000). The record before us does not reveal an abuse of discretion by the court in affirming the magistrate's October 29, 1999 ruling.