[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
A contested hearing was held regarding the respondent father's motion to modify seeking a decrease in the support order for his twelve-year-old son. The petitioner mother opposes the motion.
Derek Adam Benjamin was born in Binghamton, New York, on September 7, 1989. In October of 1990 the petitioner commenced a petition to determine paternity and obtain a support order, which was transmitted from Tioga CT Page 3449 County, New York, to this court pursuant to the provisions of the Uniform Reciprocal Enforcement of Support Act (URESA), General Statutes §46b-180 et seq.[1] The respondent at the time was a student at the University of Hanford. He was duly served the petition but failed to appear. The court, Keller, F.S.M. entered a paternity judgment on October 7, 1991, determined an arrearage and set a support order of $56.00 per week. In 1993 during the course of contempt proceeding to enforce the order, Mr. Bibbins filed a pro se appearance.
In June 2000 the support enforcement division filed a motion to modify-seeking an increase in the support order. Following a contested hearing, this court granted the motion and the order was increased to $95.00 per week.[2] On March 8, 2001, the respondent filed a pro se motion to modify seeking a downward modification. His stated basis for seeking modification at that time was: "job status and significant changes in income." At the hearing, the respondent based his claim primarily on his discharge from his prior employment as a correction officer with the State of Connecticut. The court held that the respondent had not sustained his burden of proof and denied the modification.
Now comes the respondent with a new motion to modify dated January 29, 2002. His stated reason for modifying the order is: "I was terminated from employment since that 10/19/00 date. Currently the order is significantly higher than what the c/s guidelines allow for my current employment income. There has been significant changes." The respondent seeks a downward modification, a downward deviation from the child support guidelines and "an order to alternate claiming subject child on annual state federal taxes." A full hearing was held before this court.
The respondent is now employed by the State of Connecticut as a clerk. He reports his income as $375.00 per week gross. Prior to deductions for this and another child support order, his net income is $307.77 per week.[3] The financial affidavit filed by the respondent to support his 2001 motion, which was heard and determined on May 17, 2001, disclosed gross income of $320.00 per week with a net exclusive of child support of $244.18. The respondent's argument centers on his loss of his job with the Department of Corrections. As an alternative, he claims a substantial deviation from the child support guidelines, but that deviation was also attributable to his loss of the corrections job.
It is helpful at this juncture to review the legal principals to which the court must adhere in determining this motion to modify.
"The burden of proof is on the party seeking the modification. Connollyv. Connolly, 191 Conn. 468, 474, 464 A.2d 837 (1983); Kaplan v. Kaplan, CT Page 3450185 Conn. 42, 46, 440 A.2d 252 (1981); Richard v. Richard,23 Conn. App. 58, 62, 579 A.2d 110 (1990); Vonaa v. Vonaa,15 Conn. App. 745, 747, 546 A.2d 923 (1988); Mansfield v. Haynes, 12 S.M.D. 51, 52 (1998); Moffit v. Moffit, 12 S.M.D. 41, 42,1998 Ct. Sup. 6530
(1998); Danford v. Symonds, 12 S.M.D. 32, 33 (1998); Murray v.Stone, 11 S.M.D. 149, 150 (1997); O'Dell v. O'Dell, 9 S.M.D. 7 (1995);Meyer v. Meyer, 7 S.M.D. 49, 52 (1993); Taylor v. Taylor, 7 S.M.D. 43, 44 (1993); Yochum v. Yochum, 6 S.M.D. 75, 80 (1992); Noble v. Noble, 6 S.M.D. 31, 32 (1992); Berluti v. Berluti, 5 S.M.D. 377, 381 (1991);Dubitzky v. Dubitzky, 5 S.M.D. 261, 271 (1991); Monahan v. Monahan, 4 S.M.D. 223, 227 (1990)." Fredo v. August, 13 S.M.D. 77, 79-80 (1999).
The moving party must demonstrate "that continued operation of the original order would be unfair or improper." McGuinness v. McGuinness,185 Conn. 7, 10, 440 A.2d 804 (1981); Noce v. Noce, 181 Conn. 145, 149,434 A.2d 345 (1980); Harlan v. Harlan, 5 Conn. App. 355, 357, 496 A.2d 129
(1985); Mansfield v. Haynes, supra, 12 S.M.D. 52; Moffit v. Moffit, supra, 12 S.M.D. 42; Danford v. Symonds, supra, 12 S.M.D. 33; Murray v.Stone, supra, 11 S.M.D. 151; Kimery v. Kimery, 9 S.M.D. 54, 57 (1995);Taylor v. Taylor, supra, 7 S.M.D. 44-45; Yochum v. Yochum, supra, 6 S.M.D. 80; Noble v. Noble, supra, 6 S.M.D. 32-33; Kraynak v. Godfrey, 5 S.M.D. 250, 251 (1991); Romaniello v. Romaniello, 5 S.M.D. 87, 91 (1991). "The party seeking modification must clearly and definitely show individual facts and circumstances which have substantially changed."McGuinness v. McGuinness, supra, 185 Conn. 10; Cooksley v. Tedaro, 13 S.M.D. 273, 279 (1999).
It is up to this court, as the trier of fact, to determine the credibility of witnesses and the weigh their testimony and that of the documentary evidence. Griffin v. Nationwide Moving Storage Co.,187 Conn. 405, 422, 446 A.2d 799 (1982); Riccio v. Abate, 176 Conn. 415,418, 407 A.2d 1005 (1979); Raia v. Topehius, 165 Conn. 231, 235,332 A.2d 93 (1973); Mansfield v. Haynes, supra, 12 S.M.D. 54; Danford v.Symonds, supra, 12 S.M.D. 35; Kimery v. Kimery, supra, 9 S.M.D. 56;O'Dell v. O'Dell, supra, 9 S.M.D. 8; Hepburn v. Hepburn, 8 S.M.D. 126, 133 (1994); Fretina v. Fretina, 5 S.M.D. 139, 142 (1991). The court has the right to accept part and disregard part of the testimony of any witness. Barrila v. Blake, 190 Conn. 631, 639, 461 A.2d 1375 (1983); Roodv. Russo, 161 Conn. 1, 3, 283 A.2d 220 (1971); Cooksley v. Tedaro, supra, 13 S.M.D. 280; Berluti v. Berluti, supra, 5 S.M.D. 382.
In determining whether there is a substantial change in circumstances, the court considers all evidence back to the most recent court order.Borkowski v. Borkowski, 228 Conn. 729, 741, 638 A.2d 1060 (1994);Cooksley v. Tedaro, supra, 13 S.M.D. 279-280; Mylie v. Mylie, 13 S.M.D. 68, 69 (1999); Danford v. Symonds, supra, 12 S.M.D. 34; Swain v.Swain, CT Page 3451 10 S.M.D. 187, 189 (1996); Thomas v. Thomas; 8 S.M.D. 196, 198 (1994).
It is clear on the face of the motion, and remained clear during the course of the evidential hearing, that the respondent's argument for modification relies on one seminal event: his discharge from his employment with the Department of Corrections. That same event was the basis for the 2001 motion that was denied by the court on May 17, 2001. Since that date the respondent's fortunes, if anything have improved. His gross income has increased from $320.00 per week to $375.00 per week with a corresponding increase in his net income. In reality, the present motion is essentially an attempt to reargue the 2001 motion to modify which was denied. The court's ruling on that motion is res judicata and the respondent has provided no new basis to warrant a modification of the support order. Russell v. Russell, 61 Conn. App. 106, 762 A.2d 523
(2000) (affirming a decision of the family support magistrate denying a motion to modify on grounds that it attempting to relitigate an earlier modification).
The respondent also seeks an order allocating to him the tax exemption for the minor child in alternate years. The Family Support Magistrate Division does not have statutory authority to consider this request, which is therefore outside the subject matter jurisdiction of this court. See Correa v. Roane, 15 S.M.D. ___, n. 4, 7 Conn.Ops. 1152 (digest) (2001); Romero v. Roberts, 15 S.M.D. ___, n. 3,30 Conn.L.Rptr. 1, 2001 Ct. Sup. 9754 (2001).
For the foregoing reasons, the respondent's motion to modify is denied.
BY THE COURT
Harris T. Lifshitz Family Support Magistrate