RENEE SYRAGAKIS *v.* JOHN SYRAGAKIS
(AC 23021)

Foti, Dranginis and DiPentima, Js.

Argued June 10—officially released September 2, 2003

*Robert J. Cary, Jr.,* for the appellant (defendant).

*Mary Gagne O'Donal,* with whom, on the brief, was *William E. McCoy,* for the appellee (plaintiff).

*Opinion*

FOTI, J. The defendant, John Syragakis, appeals from the trial court's postjudgment modification of child support in favor of the plaintiff, Renee Syragakis. The defendant claims that (1) the plaintiff failed to meet her burden of proof to warrant a postjudgment modification of child support as provided by General Statutes § 46b-86 (a)[1] and (2) the court improperly deviated from the

---

[1] General Statutes § 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification . . . any final order for the periodic payment of permanent alimony or support . . . may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. There shall be a rebuttable presumption that any deviation of less than fifteen per cent from the child support guidelines is not substantial and any deviation of fifteen per cent or more from the guidelines is substantial. . . . After the date of judgment, modification of any child support order issued before or after July 1, 1990, may be made upon a showing of such substantial change of circumstances, whether or not such change of circumstances was contemplated at the time of dissolution. . . ."

child support guidelines in § 46b-215a-1 et seq. of the Regulations of Connecticut State Agencies in ordering a modification of the child support award.[2] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. The court dissolved the parties' marriage on February 14, 1997, and incorporated the parties' separation agreement[3] into its judgment of dissolution. The separation agreement included a parenting plan in which the parties agreed that they would share custody of their minor child and that the plaintiff would have primary physical custody of the child. Regarding child support, the agreement states: "[The defendant] shall pay the sum of $260.00 per week as child support which is in accord with the guidelines of the State of Connecticut." On March 13, 2002, the plaintiff filed a motion to open the February 14, 1997 judgment of dissolution and to modify the order of child support. The court held a hearing on the motion on April 15, 2002. The defendant appeared pro se. Both parties submitted updated financial affidavits and testified subject to cross-examination. At the close of the hearing, the court granted the plaintiff's motion to open the dissolution judgment and modified the February 14, 1997 child support upward to $650 per week.[4] This appeal followed.

---

[2] "The guidelines are promulgated by the commission for child support guidelines . . . which was established by the legislature pursuant to General Statutes § 46b-215a. [Section] 46b-215b (a) provides that the guidelines are to be considered in all determinations of child support in the state, and creates a rebuttable presumption that the amount of support calculated through application of the guidelines is the amount of support to be ordered." (Internal quotation marks omitted.) *Marrocco* v. *Giardino*, 255 Conn. 617, 618 n.1, 767 A.2d 720 (2001).

[3] We note that the parties' separation agreement did not contain a nonmodification provision.

[4] The court's handwritten order simply stated: "The court finds $288 inappropriate in this case, given the discrepancy in [the] parties' respective incomes. [The] court finds deviation from [the] support guidelines appropriate and orders [the] defendant to pay $650 weekly child support effective immediately."

As a preliminary matter, we set forth our well settled standard of review in domestic relations cases. We will generally not disturb an order unless the court has "abused its legal discretion or its findings have no reasonable basis in the facts." (Internal quotation marks omitted.) *Ignacio* v. *Montana-Ignacio*, 57 Conn. App. 647, 647–48, 750 A.2d 491 (2000). "In determining whether there has been an abuse of discretion, the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness. . . . [W]e do not review the evidence to determine whether a conclusion different from the one reached could have been reached." (Citation omitted; internal quotation marks omitted.) *Hathaway* v. *Hathaway*, 60 Conn. App. 818, 819, 760 A.2d 1280 (2000). Further, we must accept the factual findings of the court unless they are clearly erroneous in light of the evidence presented in the record as a whole. See *Prial* v. *Prial*, 67 Conn. App. 7, 10, 787 A.2d 50 (2001). With that deferential standard in mind, we now turn to the specific claims raised on appeal.

I

The defendant first claims that the court's modification of child support was improper because the plaintiff failed to meet her burden of proof in seeking a postjudgment modification. We disagree and conclude that there was sufficient evidence of a substantial change in the defendant's financial circumstances to warrant the court's modification.

"General Statutes § 46b-86 governs the modification of a child support order after the date of a dissolution judgment." *Hayward* v. *Hayward*, 53 Conn. App. 1, 9, 752 A.2d 1087 (1999). "[A] child support order cannot be modified unless there is (1) a showing of a substantial change in the circumstances of either party or (2) a

showing that the final order for child support substantially deviates from the child support guidelines absent the requisite findings. . . . The party seeking modification bears the burden of showing the existence of a substantial change in the circumstances. . . . In these matters, as in other questions arising out of marital disputes, this court relies heavily on the exercise of sound discretion by the trial court." (Citations omitted; internal quotation marks omitted.) *Santoro* v. *Santoro*, 70 Conn. App. 212, 218–19, 797 A.2d 592 (2002).

"Both the 'substantial change of circumstances' and the 'substantial deviation from child support guidelines' provision establish the authority of the trial court to modify existing child support orders to respond to changed economic conditions. The first allows the court to modify a support order when the financial circumstances of the individual parties have changed, regardless of their prior contemplation of such changes. The second allows the court to modify child support orders that were once deemed appropriate but no longer seem equitable in the light of changed social or economic circumstances in the society as a whole . . . ." *Turner* v. *Turner*, 219 Conn. 703, 718, 595 A.2d 297 (1991).

The defendant claims that the plaintiff failed to provide the court with sufficient evidence either that a substantial change of circumstances had occurred since the February 14, 1997 order of support or that the February 14, 1997 order was a substantial deviation from the child support guidelines. We first address the evidence of substantial change of circumstances.

In his appellate brief, the defendant acknowledges that the record reflects "changes in the nature of the assets owned by the [defendant] . . . ."[5] He argues,

---

[5] The parties submitted updated financial affidavits to the court at the time of the hearing on the motion for modification. Additionally, from the testimony elicited at that hearing, the court reasonably could have found that since the February 14, 1997 order of child support, the defendant had sold his insurance business, and acquired income producing commercial

however, that for the court properly to have found a substantial change of circumstances, it would have had to review those changes in light of the prior support order and that the court did not do so. The defendant's only support for his argument is, as he argues, that "the April 15, 2002 hearing is entirely devoid of reference to the financial affidavits or financial situation of the parties at the time of the prior order regarding payment of child support." We find that argument unavailing.

First, the financial affidavits and any other relevant documents that the parties filed at the time of the dissolution, as well as financial affidavits subsequently filed by the parties, are in the court's case file. The court may take judicial notice of the contents of that file. See *Hryniewicz* v. *Wilson*, 51 Conn. App. 440, 444, 722 A.2d 288 (1999). Because we give every reasonable presumption in favor of the correctness of the court's decision, we must assume, contrary to the defendant's argument, that the court properly considered the parties' financial circumstances as they were at the time of the prior child support order.

Second, the defendant has failed to provide evidence that the court improperly exercised its discretion in ruling as it did. Although neither the court's order nor the transcript of the hearing fully reveal the court's analysis or rationale for its decision, the defendant never sought further articulation pursuant to Practice Book § 66-5. It is the appellant's responsibility to provide an adequate record for review, including the seeking of an articulation of the court's decision. In light of our deferential standard of review and because the record as a whole reveals sufficient evidence from which the court reasonably could have found a signifi-

real estate and new residential real estate. The defendant also testified that he had been voluntarily paying the plaintiff $670 per week in support, in excess of the court's order, although he claimed income of only $110,000 per year.

cant change in the defendant's financial circumstances,[6] we conclude, absent evidence to the contrary, that the court relied on that ground in granting the plaintiff's motion and ordering a modification of child support. Having so concluded, we need not consider the defendant's additional arguments related to evidence of substantial deviation.

## II

The defendant also claims that in modifying the child support upward to $650 per week, the court improperly deviated from the child support guidelines. We disagree.

It is undisputed that courts must *consider* the child support guidelines in all determinations of child support. General Statutes § 46b-215b (a). That includes postjudgment modifications of child support. General Statutes § 46b-215b (a) provides in relevant part: "The child support and arrearage guidelines . . . shall be considered in all determinations of child support amounts and payment on arrearages and past due support within the state. . . . [T]here shall be a rebuttable presumption that the amount of such awards which resulted from the application of such guidelines is the amount of support . . . to be ordered. A specific finding on the record that the application of the guidelines would be inequitable or inappropriate in a particular case, as determined under criteria established by the commission under section 46b-215a, shall be sufficient to rebut the presumption in such case."

Section 46b-215a-3 of the Regulations of Connecticut State Agencies contains the deviation criteria established by the commission for child support guidelines. Further, § 46b-215a-3 provides that in addition to making a specific finding that following the guideline would be inequitable or inappropriate, the court must state

---

[6] See footnote 5.

the amount that would have been required under the guidelines and the deviation criteria relied on by the court to justify deviation.

In the present case, the court made an oral finding at the conclusion of the hearing that the defendant had "substantial assets, both income producing and not income producing," and "substantial financial resources that are not included in the definition of net income . . . ." The regulation specifically provides that those are proper criteria for deviating from the guidelines' presumptive support amount. The court also found on the record that the guidelines provided for $288 per week and that "such an amount would be inequitable or inappropriate in this particular case . . . ."

The court made all the necessary findings pursuant to General Statutes § 46b-215a and the related regulations to rebut the presumption that the amount of support provided for under the child support guidelines was correct. The evidence presented at the hearing, specifically the testimony of the defendant,[7] supports the court's findings and, therefore, we conclude that the findings are not clearly erroneous. We further conclude, on the basis of those findings, that the court properly exercised its discretion in deviating from the guidelines and ordering the defendant to pay support of $650 per week.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] See footnote 5.