SABELE GRAY *v.* RICHARD E. GRAY
(AC 30512)
(AC 31700)

Beach, Espinosa and Pellegrino, Js.

Argued May 25—officially released September 13, 2011

*Richard E. Gray, Sr.*, pro se, the appellant (defendant).

*Bourke G. Spellacy*, with whom, on the brief, was *David R. Makarewicz*, for the appellee (plaintiff).

*Opinion*

ESPINOSA, J. The self-represented defendant, Richard E. Gray, appeals from several judgments of the trial court rendered in favor of the plaintiff, Sabele Gray, following a judgment of dissolution. In AC 30512, the defendant claims that the court abused its discretion by: (1) finding him in contempt for not making support payments to the plaintiff; (2) modifying his support payments in the manner that it did; (3) denying his motion to compel the plaintiff to produce certain financial documents; (4) excluding certain evidence and failing to take into consideration other evidence; and (5) failing to sanction the plaintiff more harshly for her contemptuous conduct. In AC 31700, the defendant claims that the court abused its discretion by: (1) finding him in contempt for not paying an arrearage on support payments owed the plaintiff; (2) ordering him to return his children's passports to the plaintiff; and (3) failing

to hold an evidentiary hearing related to the passport issue. We affirm the judgments of the trial court.

The following facts are relevant to our consideration of this appeal. The parties were divorced on August 12, 2003. In the dissolution judgment, the court ordered the defendant to pay the plaintiff $6000 in child support and $2750 per month in alimony. On September 11, 2005, the parties signed a postjudgment stipulation that provided for reduced monthly alimony and child support payments, totaling $4500, until June 6, 2008, when the payments were to return to their original levels.[1] The court entered an order incorporating this agreement on October 3, 2005. The defendant paid the reduced amount to the plaintiff between October 3, 2005, and June 6, 2008. The defendant then paid the reduced amount for June, 2008, and subsequently made no alimony or child support payments to the plaintiff in the months of July, August, September or October of that year. Instead, in each of these months, the defendant made payments equaling the reduced amount into separate bank accounts for the stated purpose of providing for the education of two of the parties' children.

On November 5, 2008, the court, *Calmar, J.*, found the defendant to be in contempt for failing to make support payments directly to the plaintiff in the original amount, as required by the postjudgment stipulation of the parties. Nevertheless, the court found that the

[1] The agreement provides in relevant part: "Plaintiff agrees she will continue to accept $4500 as the monthly payments to be made to her until 6/6/08, and no additional arrearages with respect to alimony, child support and/or any other payment requirements shall accrue during this time. Neither Plaintiff nor Defendant will seek any modifications of or findings of contempt with respect to monthly alimony, child support or other payments until 6/6/08, as long as Defendant continues to pay the agreed $4500 monthly amounts, plus medical expenses as required . . . . The original alimony and support orders as set forth in the Decision shall be in full force and effect to all monthly payments required by Defendant after the 6/6/08 date . . . ."

defendant had demonstrated a substantial change in circumstances and agreed with the defendant that a modification of his support payments was warranted. The court, therefore, modified the defendant's $6000 per month child support obligation but did not modify the alimony obligation of $2750 per month. On November 23, 2009, the court, *Vitale, J.*, found the defendant to be in contempt of a court order requiring him to pay a pendente lite arrearage, in the amount of $201,500, to the plaintiff. The court recalculated the interest due on the arrearage but left undisturbed the initial method and monthly amount of payment set at the dissolution proceeding. The defendant appealed both rulings. Additional facts will be set forth as necessary.

I

AC 30512

A

The defendant first claims that the court abused its discretion by finding him in contempt for not making any support payments to the plaintiff between June, 2008, and October, 2008. The defendant alleges that by making payments to bank accounts for the benefit of the children, he was not violating any court order. Alternatively, the defendant asserts that the violation was not wilful. We disagree.

We review decisions of the trial court in family cases for an abuse of discretion. "The standard of review in family matters is that this court will not disturb the trial court's orders unless it has abused its legal discretion or its findings have no reasonable basis in fact. . . . It is within the province of the trial court to find facts and draw proper inferences from the evidence presented. . . . [E]very reasonable presumption will be given in favor of the trial court's ruling, and [n]othing short of a conviction that the action of the trial court is one

which discloses a clear abuse of discretion can warrant our interference." (Internal quotation marks omitted.) *Rosato* v. *Rosato*, 77 Conn. App. 9, 13, 822 A.2d 974 (2003).

A court may only find a party in contempt when that party has wilfully failed to comply with a court order. "To constitute contempt, a party's conduct must be wilful. . . . Noncompliance alone will not support a judgment of contempt. . . . We review the court's factual findings in the context of a motion for contempt to determine whether they are clearly erroneous." (Internal quotation marks omitted.) *Kravetz* v. *Kravetz*, 126 Conn. App. 459, 466, 11 A.3d 1141 (2011).

In the dissolution proceeding in this case, the court ordered the defendant to make support payments to the plaintiff in the amount of $6000 in child support and $2750 per month in alimony. The postjudgment stipulation entered into by the parties on September 11, 2005, provided that support payments would be reduced to $4500 per month until June 6, 2008, when the payments would return to their original amount. In June, 2008, rather than making payments to the plaintiff as required by the court's original order, the defendant took it upon himself to deposit amounts equal to the payment agreed to in the stipulation agreement, in accounts for the parties' children. Contrary to the defendant's position, the court reasonably concluded that these actions were a knowing and wilful failure to comply with the court's order that, after June 6, 2008, payments be made directly to the plaintiff, in the original amount, as set forth in the parties' stipulation. Although the defendant may have decided to make payments in a way that better suited him, the court ordered him to make payments directly to the plaintiff, not to bank accounts for the benefit of the children. Accordingly, there was ample support for the court's finding that the

defendant wilfully violated its order, and a finding of contempt was not improper.

## B

The defendant next claims that, on November 5, 2008, the trial court, *Calmar, J.*, abused its discretion in modifying his child support obligations. The record reflects that the court modified the support payments such that the defendant was required to pay the plaintiff $1868 in child support and $2750 in alimony. The court also required the defendant to pay $373 monthly toward the pendente lite arrearage. Specifically, the defendant claims that even though the court found a substantial change in his financial circumstances, in that he had assumed responsibility for the educational expenses of one of the parties' children, the court did not modify his obligations sufficiently. Neither the defendant's scant analysis of this claim nor our review of the record leads us to conclude that the trial court abused its discretion.

## C

The defendant also contends that the court improperly denied his motion to compel the plaintiff to produce certain financial documents. Specifically, the defendant moved to compel the plaintiff to complete a financial affidavit that she had filed previously with the court and in which she listed the value of certain stocks as "unknown." The court noted that the plaintiff completed this affidavit by providing the value of the stocks, and the court had the completed affidavit when it received evidence regarding support payments. The court, therefore, denied the motion. Nevertheless, the defendant asserts that the court did not have all of the relevant information. "The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts. . . . In determining whether

there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Hathaway* v. *Hathaway*, 60 Conn. App. 818, 818–19, 760 A.2d 1280 (2000). After reviewing the record, we conclude the court did not abuse its discretion. The defendant requested that the plaintiff include the value of stocks listed on a financial affidavit, and she did so in time for the completed affidavit to be considered by the court.

D

The defendant also claims that the court abused its discretion by: (1) excluding evidence about his state of mind that is relevant to resolving the issue of contempt; and (2) not crediting alleged past payments to the plaintiff against his support obligations. The defendant does not, however, develop these arguments in his brief, making only bare assertions. Additionally, with regard to the claim concerning crediting past payments, the defendant does not set forth the claim in his statement of issues, as required by Practice Book § 63-4 (a) (1). "Although we are solicitous of the rights of pro se litigants . . . [s]uch a litigant is bound by the same rules . . . and procedure as those qualified to practice law." (Internal quotation marks omitted.) *Traylor* v. *State*, 128 Conn. App. 182, 185 n.2, 15 A.3d 1173 (2011). "We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." (Internal quotation marks omitted.) *Keating* v. *Ferrandino*, 125 Conn. App. 601, 603–604, 10 A.3d 59 (2010). As the defendant has not briefed these issues beyond making statements of the claims, these issues are deemed abandoned on appeal, and we decline to review them.

E

Finally, the defendant claims that the court abused its discretion by granting his motion for contempt but not punishing the plaintiff harshly enough for violating visitation orders regarding the parties' children. Specifically, the defendant asserts that because the plaintiff failed to abide by fourteen court-ordered visitation days, the court's order of one additional weekend of visitation with each daughter in his favor amounts to an award for the plaintiff. We review the severity of the sanctions chosen by the court for an abuse of discretion. See *Edmond* v. *Foisey*, 111 Conn. App. 760, 774–75, 961 A.2d 441 (2008); see also *Hathaway* v. *Hathaway*, supra, 60 Conn. App. 818–19. The court here did not abuse its discretion. Awarding makeup visitation days is an appropriate remedy, and the court could reasonably conclude based on the facts that an award of additional weekend visitation to the defendant was a suitable sanction for the violation.

II

AC 31700

A

The defendant first contends that, on November 23, 2009, the court, *Vitale, J.*, abused its discretion in finding him in contempt for not paying the pendente lite arrearage. The defendant again argues that he did not violate a court order and that, alternatively, any violation was not wilful. In accordance with the standard of review set forth earlier in this opinion, we review the ruling for an abuse of discretion.

In finding the defendant in contempt, the court concluded that the defendant's interpretation of the post-judgment stipulation, as barring the plaintiff from bringing a contempt action against the defendant for noncompliance and allowing the defendant to reduce

the arrearage on the basis of certain unstated " 'off-sets' " and an " 'accounting'," had no reasonable basis in the record. The defendant does not address this determination in his brief and has failed to demonstrate that an order requiring payment of the arrearage did not exist.

The defendant argues that any violation was not wilful for two reasons. First, the defendant contends that he was unaware that his nonpayment of the pendente lite arrearage was contemptuous conduct because, at the time of the dissolution proceeding, the court did not find him in contempt for his nonpayment of the arrearage. This argument is without merit. The court found, and the record reflects, that the defendant had notice of the court's order to pay the arrearage. His suggestion that a prior holding of contempt was necessary is disingenuous. Second, the defendant contends, as he did before the trial court, that the monthly arrearage payment exceeded his ability to pay. The court thoroughly addressed this issue and concluded that the defendant failed to present a clear and complete record of his financial status. Thus, the court reasonably concluded that the defendant failed to demonstrate an inability to pay the arrearage payment he was ordered to satisfy at the dissolution proceeding, an obligation that was suspended for only the period of time agreed to in the parties' postjudgment stipulation.

B

Next, the defendant asserts that the court abused its discretion in ordering that he return his children's passports to the plaintiff. The following additional facts are relevant to this claim. Over the summer of 2009, the defendant asked the plaintiff for the passports of their two youngest children so he could take the children on a European vacation. The plaintiff, who had physical custody of the children, gave the passports to the defendant and asked for their return following the

vacation. Later, the defendant refused to return the passports. In response to a motion, the court ordered the defendant to return the passports within ten days. Eventually, the defendant returned the passports to the plaintiff and appealed from this order.

At the hearing at which the court ruled on the plaintiff's motion for the return of the passports, the court unambiguously rejected the defendant's contention that the plaintiff, who had physical custody of the children, should not also have custody of the passports because she might refuse to let the defendant use them in the future as a way of thwarting his travel plans with the children. The court rejected this purely speculative rationale, noting that it was not in the plaintiff's interest to interfere with the defendant's right to visitation and travel with the children. The court concluded that the plaintiff, in her role as the parent with physical custody of the children, should retain custody of the passports. The defendant has not demonstrated that the court's exercise of discretion in this family matter was unsound or based upon improper considerations, and we reject the claim.

C

The defendant also claims with respect to the order for the return of the passports that the court took no evidence and that if it had, the result of the proceeding would have been different. As with the evidentiary claims in AC 30512, however, the defendant merely makes an assertion without support in the record or in law. We decline to review this claim because the defendant has not briefed the claim beyond making a statement of the claim. It is, therefore, deemed abandoned. See section I D of this opinion; *Keating* v. *Ferrandino*, supra, 125 Conn. App. 603–604.

The judgments are affirmed.

In this opinion the other judges concurred.