CONNECTICUT HOUSING FINANCE AUTHORITY *v.*
JOSEPH E. BROWN ET AL.
(AC 33633)

Gruendel, Sheldon and West, Js.

Argued March 12—officially released July 17, 2012

*Joseph E. Brown,* pro se, the appellant (named defendant).

*Kevin J. Burns,* for the appellee (plaintiff).

PER CURIAM. The defendant Joseph E. Brown[1] appeals from the judgment of foreclosure by sale rendered in favor of the plaintiff, the Connecticut Housing Finance Authority.[2] On appeal, the defendant claims that the judgment should be vacated because of the mistaken placement of a foreclosure sign on his property prior to the judgment of foreclosure by sale. We dismiss the appeal as moot.[3]

On April 30, 2010, the plaintiff commenced this action against the defendant seeking foreclosure of the mortgage on the defendant's real property located at 108 South Main Street in Brooklyn. On August 3, 2010, the court granted the plaintiff's motion for summary judgment as to liability only. The plaintiff filed a motion for a judgment of strict foreclosure on April 25, 2011. The court held a hearing on the judgment of strict foreclosure on June 21, 2011. At that hearing, the defendant raised an issue regarding a foreclosure sign that was placed on his property. The court determined that the sign had been mistakenly placed on the defendant's property.[4] The court then addressed the plaintiff's

---

[1] The Connecticut Housing Finance Authority and the state of Connecticut were also named as defendants. Because only Brown has appealed, we refer to him as the defendant in this opinion.

[2] Attorney Nancy Fraser was appointed as a committee of sale by the trial court's order on June 21, 2011.

[3] Even though the issue of mootness was not raised in the briefs or at oral argument, this court has a duty to consider it sua sponte "because mootness implicates the court's subject matter jurisdiction. It is, therefore, a threshold matter to resolve." (Internal quotation marks omitted.) *In re William D.,* 97 Conn. App. 600, 603, 905 A.2d 696 (2006), aff'd, 284 Conn. 305, 933 A.2d 1147 (2007).

[4] The court determined that the sign stated the incorrect house number on South Main Street. The sign stated that the property being foreclosed was 106 South Main Street and listed the docket number for the case of

motion for strict foreclosure and asked the defendant whether he challenged the amount of indebtedness calculated by the plaintiff, and the defendant responded in the negative. After considering the equity in the property and the claims of the other lien holders, the court rendered a judgment of foreclosure by sale. This appeal followed.

On August 22, 2011, the plaintiff filed a motion to terminate the appellate stay, which the trial court granted on November 3, 2011. The defendant timely filed a motion to review the court's granting of the plaintiff's motion to terminate the appellate stay. We denied the defendant's motion for review on December 14, 2011. On December 19, 2011, the plaintiff filed a motion to open the judgment and to extend the sale date. On April 2, 2012, the trial court vacated the judgment of foreclosure by sale and rendered a judgment of strict foreclosure.[5]

"When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *Sweeney* v. *Sweeney*, 271 Conn. 193, 201, 856 A.2d 997 (2004). "It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction." (Internal

*Connecticut Housing Finance Authority* v. *Hagge*, Superior Court, judicial district of Windham, Docket No. CV-11-6003226-S. That case pertains to a property at 166 South Main Street. The defendant's property is at 108 South Main Street. The court determined that the sign was for a different case and that the mistakenly placed sign was "not relevant to this case."

[5] Following oral argument before this court on March 12, 2012, we took judicial notice of the pending motions before the trial court and the judgment rendered on April 2, 2012. See *Syragakis* v. *Syragakis*, 79 Conn. App. 170, 175, 829 A.2d 885 (2003) (court may take judicial notice of contents of file). We ordered the parties to provide supplemental briefs addressing the following: "Whether this appeal has been rendered moot by the entry of the new judgment of strict foreclosure."

quotation marks omitted.) Id. Our Supreme Court, in *RAL Management, Inc.* v. *Valley View Associates,* 278 Conn. 672, 899 A.2d 586 (2006), distinguished between "opening a judgment to modify or to alter incidental terms of the judgment, leaving the essence of the original judgment intact, and opening a judgment to set it aside. Under the latter circumstances, the original judgment necessarily has been rendered void and any appeal therefrom would be rendered moot." Id., 690; see also *William G. Major Construction Co.* v. *DeMichely,* 166 Conn. 368, 374–75, 349 A.2d 827 (1974) (original judgment void when trial court opened and set aside judgment of strict foreclosure, substituting judgment of foreclosure by private sale). In the present case, following the termination of the appellate stay, the trial court granted the plaintiff's motion to open the judgment and vacated the judgment of foreclosure by sale. The court then rendered a new judgment of strict foreclosure during the pendency of the defendant's appeal.[6] We conclude that the new judgment set aside the original judgment and renders the defendant's appeal moot.

The appeal is dismissed.

---

[6] The judgment of strict foreclosure set a new law day commencing June 4, 2012. Additionally, the court made new findings of debt, fair market value and attorney's fees. No appeal was taken from that judgment and the defendant's motion for stay pending this court's decision was denied by the trial court.