GAYE CARPENTER *v.* PETER CARPENTER
(3452)

DUPONT, C. J., BORDEN and DALY, Js.

Argued February 7—decision released April 15, 1986

*James F. McKenna,* with whom, on the brief, was *John P. Febbroriello,* for the appellant (defendant).

*Jess H. Smith,* with whom, on the brief, was *George B. Simoncelli, Jr.,* for the appellee (plaintiff).

PER CURIAM. In this appeal from a judgment dissolving the marriage of the parties, the defendant husband

claims an abuse of discretion by a state trial referee, acting as the trial court. The defendant claims that the court abused its discretion (1) in making its financial awards, and (2) in ordering that visitation by the defendant with the minor child of the parties be under the control of the plaintiff wife.[1] The second issue is not considered because it is moot.[2]

The parties were married in 1962. During their marriage, they had three children, one of whom was still a minor at the time of the final dissolution hearing.

The trial court found that "[t]he breakdown of the marriage was due to [the] unreasonable and arbitrary attitude of the defendant." The trial court ordered the defendant to maintain medical insurance for the minor child and life insurance for the plaintiff and the minor child, in addition to ordering child support in the amount of $45 per week and alimony in the amount of

---

[1] On March 25, 1985, the defendant filed an amended appeal with the trial court, pursuant to Practice Book § 3062, in order to include certain postjudgment rulings by the trial court. On June 28, 1985, the defendant filed with this court a supplemental brief which stated that the defendant would "not file a supplemental brief in regard to the ruling[s] subsequent to the filing of the present appeal and will adopt his initial brief as his supplemental brief since the issues are all identical." Thus, our review is limited to the issues raised in the defendant's original appeal.

[2] On August 15, 1985, the defendant filed a "motion to set visitation." On September 13, 1985, the court, *Pickett, J.,* ordered "that the defendant have rights of visitation in accordance with the agreement between the parties dated and filed this date." The agreement provided that the defendant would have one week of visitation during the summer, that there would be weekend telephone contact between the defendant and the minor child, and that the parties would meet during the summer of 1986, for the purpose of renegotiating a visitation plan for the following year. The agreement stated that it was effective until September, 1986, and placed the matter of visitation under the jurisdiction of the family relations office. Since the original order of the court awarding custody of the minor child to the wife, "subject to such reasonable rights of visitation in the husband as the wife may deem appropriate," is no longer in effect, having been superseded by the subsequent order of September 13, 1985, any claimed error in the original order has become moot.

$1 each year. The plaintiff was ordered to convey her interest in the family home to the defendant, who was ordered either to pay the sum of $15,000 in cash to the plaintiff and give her a mortgage for $15,000, payable in ten annual installments of $1500 at ten percent interest, or to sell the home within sixty days with the plaintiff receiving the first $30,000 of the proceeds and the remaining proceeds to be divided evenly between the parties.

The defendant claims that the trial court's determination of the financial awards constitutes error under our decision in *Ehrenkranz* v. *Ehrenkranz,* 2 Conn. App. 416, 479 A.2d 826 (1984), requiring this court to conclude that the judgment of the trial court is without foundation and thus constitutes an abuse of discretion. See *Trubowitz* v. *Trubowitz,* 5 Conn. App. 681, 684, 502 A.2d 940 (1985).

In order to conclude that the trial court abused its discretion in making its financial awards, we must find that the court either incorrectly applied the law or could not have reasonably concluded as it did. *Leo* v. *Leo,* 197 Conn. 1, 4, 495 A.2d 704 (1985); *Holley* v. *Holley,* 194 Conn. 25, 29, 478 A.2d 1000 (1984); *Beede* v. *Beede,* 186 Conn. 191, 194, 440 A.2d 283 (1982). The *Ehrenkranz* case involved an erroneous calculation of the valuations of the assets allocated by the trial court which, therefore, led to an erroneous financial award.

Here, the defendant simply disagrees with the extent of the financial burden imposed on him, and argues, basically, that there was no evidence to support a valuation of the marital home in excess of $66,500. The fact that one party disagrees with the financial orders in a dissolution case does not mean that the trial court has abused its discretion. A trial court has wide latitude to transfer substantially all of the marital assets to one party. See *Sweet* v. *Sweet,* 190 Conn. 657, 664,

462 A.2d 1031 (1983). If the defendant sold the house, a permissible option under the trial court's order, his financial situation would not be as acute as he claims.

Evidence was presented at trial concerning the disputed value of the family home. This value ranged from $90,000, as valued by the plaintiff, to $66,500, as appraised by the defendant's expert witness. Thus, there was evidence to support a value in excess of $66,500 and no error of the *Ehrenkranz* type is involved.

There is no error.