LEANNA PUTMAN *v.* CHRISTOPHER B. KENNEDY
(AC 25425)

Flynn, C. J., and DiPentima and West, Js.

Argued May 21—officially released September 25, 2007

*Susan M. Phillips*, for the appellant (defendant).

*Susan Boyan*, for the appellee (plaintiff).

*Opinion*

DiPENTIMA, J. The sole claim in this appeal requires us to examine the breadth of General Statutes § 46b-15.[1] The defendant, Christopher B. Kennedy, appeals from the judgment of the trial court granting the application for a restraining order, filed by the plaintiff, Leanna Putman, pursuant to § 46b-15, for the protection of their two minor daughters. The defendant claims that the court's order constituted an abuse of its discretion

[1] General Statutes § 46b-15 provides in relevant part: "(a) Any family or household member . . . who has been subjected to a continuous threat of present physical pain or physical injury by another family or household member . . . may make an application to the Superior Court for relief under this section.

"(b) . . . Upon receipt of the application the court shall order that a hearing on the application be held not later than fourteen days from the date of the order. The court, in its discretion, may make such orders as it deems appropriate for the protection of the applicant and such dependent children or other persons as the court sees fit. Such order may include temporary child custody or visitation rights and such relief may include but is not limited to an order enjoining the respondent from (1) imposing any restraint upon the person or liberty of the applicant; (2) threatening, harassing, assaulting, molesting, sexually assaulting or attacking the applicant; or (3) entering the family dwelling or the dwelling of the applicant. If an applicant alleges an immediate and present physical danger to the applicant, the court may issue an ex parte order granting such relief as it deems appropriate. . . ."

because there was no factual basis from which the court could have found that the defendant presented a continuous threat of present physical pain or physical injury to his daughters within the meaning of the statute. We agree with the defendant and reverse the judgment of the trial court.

The record reflects the following facts and procedural history. Following the dissolution of the parties' marriage in May, 2002, the court granted a motion filed by the plaintiff in February, 2003, for sole custody of the parties' three minor children, subject to reasonable visitation by the defendant. On January 8, 2004, the trial court, *Scholl J.*, issued an ex parte restraining order, pursuant to § 46b-15, against the defendant for the protection of his minor children. The court additionally suspended his visitation rights. Following three days of hearings, the court, *J. Kaplan, J.*, continued the restraining order as to the son, including the suspension of his visitation, for six months and entered an order precluding the defendant from attending the son's school conferences during that time. The court reinstated the defendant's visitation with the daughters.[2]

On March 19, 2004, the plaintiff filed another application for an ex parte restraining order against the defendant on behalf of her two minor daughters.[3] The plaintiff's affidavit, filed with her application, included the following allegations about the events of the previous few days: On March 16, 2004, the defendant filed an application for an ex parte restraining order against the plaintiff in the Hartford Superior Court, which contained false statements and did not disclose that there was a restraining order in effect against the defendant

---

[2] The defendant appealed to this court from the judgment issuing that order, and we affirmed the judgment. See *Putman* v. *Kennedy*, 104 Conn. App. 26, 932 A.2d 434 (2007).

[3] The order restraining the defendant as to his minor son was still in effect at that time.

in another judicial district. The restraining order was granted, and copies were sent to the children's schools. On March 18, 2004, the defendant picked up the daughters from their school, in violation of the court-ordered visitation schedule. The defendant also attempted to pick up his son, in violation of the restraining order against him. The son's school, faced with conflicting restraining orders, called the police to resolve the situation. The Hartford order against the plaintiff eventually was vacated, and all three children were returned to the custody of the plaintiff.

On the basis of the plaintiff's affidavit, the court, *J. Kaplan J.*, issued an ex parte restraining order against the defendant and additionally ordered him not to enter the children's school. Pursuant to the dictates of § 46b-15, the court scheduled a hearing for April 5, 2004.[4]

At the hearing before the court, *Hon. Lawrence C. Klaczak*, judge trial referee, the plaintiff testified that she was very concerned for the safety of her daughters and that she believed "the only thing that stopped something bad from happening was that [the defendant] was not able to get a hold of [the son]." She also testified that she feared the daughters were in physical danger on the basis of the defendant's prior physical altercation with the son, and her belief that the defendant is unstable and willing to go to any lengths to punish her for the divorce.

At the conclusion of the hearing, the court continued the restraining order for a period of six months. In its oral ruling, the court focused on the manner in which the defendant dealt with the custody issue, i.e., by going to a different judicial district and obtaining a contradictory restraining order, which the court characterized

---

[1] On March 29, 2004, the defendant filed a motion to recuse Judge Kaplan. The trial court did not take action on that motion.

as frightening.[5] The court additionally stated that it was greatly concerned that the children might have been endangered as a result of the defendant's actions and that there was instability in the defendant's life. The defendant appealed from the judgment granting the plaintiff's application for a restraining order on May 6, 2004.[6]

While the defendant's appeal was pending, the restraining order expired by its own term. Accordingly, this court dismissed the defendant's appeal as moot.[7] After granting certification to appeal limited to the issue of mootness, our Supreme Court reversed that decision and remanded the case to this court for a decision on the merits.[8] See *Putman* v. *Kennedy*, 279 Conn. 162, 900 A.2d 1256 (2006). On November 2, 2006, this court granted the defendant's motion to file supplemental briefs, which both parties filed.

The defendant's claim requires us to interpret § 46b-15. "Statutory construction is a question of law and, therefore, our review is plenary." (Internal quotation marks omitted.) *State* v. *Strich*, 99 Conn. App. 611, 633, 915 A.2d 891, cert. denied, 282 Conn. 907, 920 A.2d 310 (2007). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek

---

[5] The court stated: "I can tell you what you did in Hartford causes me great concern. There was a restraining order against you issued by Judge Kaplan. [You] went to Hartford. You got a restraining order ex parte there, knowing that there was one here, and you got one in direct conflict with the one that was here, by not providing information to the court in Hartford."

[6] The defendant had also filed, on April 21, 2004, a motion for mistrial, a motion to reargue and a motion for clarification, all of which were denied by the court on April 26, 2004.

[7] On November 17, 2004, the parties appeared before this court to argue whether the appeal was rendered moot by the expiration of the order.

[8] Our Supreme Court reasoned that the adverse collateral consequences to a person subject to a restraining order warranted a decision even if the order had expired. *Putman* v. *Kennedy*, 279 Conn. 162, 175–76, 900 A.2d 1256 (2006).

to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . ." (Internal quotation marks omitted.) *Friezo* v. *Friezo*, 281 Conn. 166, 181–82, 914 A.2d 533 (2007).

General Statutes § 46b-15 (a) provides in relevant part: "Any family or household member . . . who has been subjected to a continuous threat of present physical pain or physical injury by another family or household member . . . may make an application to the Superior Court for relief under this section."

We agree with the defendant that the court improperly issued the restraining order under § 46b-15. Although the court had a reasonable concern that the defendant's actions may have endangered the daughters, that concern does not fall within the plain meaning of the statute. Section 46b-15 specifically requires a direct causal link between the defendant and the continuous threat of physical harm to the subject. See *Putman* v. *Kennedy*, supra, 279 Conn. 171 ("domestic violence restraining orders will not issue in the absence of the showing of a threat of violence"). The legislature promulgated § 46b-15 to provide an expeditious means of

relief for abuse victims. See id., 172. It is not a statute to provide a remedy in every custody and visitation dispute, however urgent. There are other more appropriate avenues to seek relief in such situations using the provisions of General Statutes § 46b-56, which provide for orders of custody, visitation and other matters related to the best interests of the children.

Here, there was no evidence to support a conclusion that the daughters were subjected to a continuous threat of present physical pain or physical injury. The court expressly stated that it was most concerned with the defendant's actions in obtaining a restraining order in another judicial district to countermand the one extant against him. Such actions, while improper, do not provide the basis on which to determine that the daughters were in present physical danger within the meaning of § 46b-15. We conclude that a restraining order issued pursuant to § 46b-15 was not the proper avenue for relief in this situation.[9] Nothing in our conclusion, however, should be construed as condoning the defendant's behavior or limiting the plaintiff from pursuing other forms of legal action on the basis of these events.

The judgment is reversed and the case is remanded with direction to deny the plaintiff's application for a restraining order.

In this opinion the other judges concurred.

---

[9] We note that under General Statutes § 46b-15 (g), a motion for contempt for violation of a restraining order is also available.