******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SAVERIO SORRENTINO *v.* KATHRYN SORRENTINO
(AC 36396)

Sheldon, Keller and Lavery, Js.

*Argued April 21—officially released September 22, 2015*

(Appeal from Superior Court, judicial district of Fairfield, Hudock, J. [dissolution judgment]; Klatt, J. [motion for contempt; order vesting custody of minor child in plaintiff].)

*Kathryn Sorrentino*, self-represented, the appellant (defendant).

*Saverio Sorrentino*, self-represented, the appellee (plaintiff).

*Opinion*

LAVERY, J. The self-represented defendant, Kathryn Sorrentino, appeals from several postdissolution orders of the trial court.[1] The sole claim raised by the defendant on appeal is that the court improperly interpreted an order modifying the visitation rights of the self-represented plaintiff, Saverio Sorrentino, with respect to the parties' minor child. Specifically, the defendant claims that the court improperly determined in a contempt hearing, on November 8, 2013, that an earlier ruling of the court, on April 15, 2010, did not modify the court's orders entered at the time of the dissolution judgment, which incorporated the parties' original parenting plan with respect to visitation on holidays. The appeal challenging the November 8, 2013 order of the court is dismissed as moot. The judgment is affirmed in all other respects.

The record reveals the following relevant facts and procedural history. The parties raised two children during their marriage, one of whom is a minor. On November 29, 2007, the court dissolved the parties' marriage. The dissolution judgment incorporated by reference a joint parenting plan, dated May 30, 2007, in which the parties agreed to joint legal custody of the minor children,[2] with the defendant having physical custody. The parenting plan provided that the plaintiff was to see the children at specified times each weekend, and it also included provisions for midweek and holiday visitation.[3]

The defendant subsequently filed a motion to modify the joint parenting plan. On April 15, 2010, the court, *Pinkus*, *J.*, held a hearing on the motion. The plaintiff was not present at the hearing. The defendant requested a modification of the plaintiff's visitation rights on Saturdays and Sundays. During the hearing, there was no discussion regarding the visitation rights of the plaintiff on holidays and during vacations. The court entered the following order: "Plaintiff shall have visitation with his minor son on Saturdays from 1-5 p.m., Sundays from 3-6 p.m."

In May, 2013, the plaintiff filed a motion for contempt claiming that the defendant was violating the parenting plan. The plaintiff claimed that the defendant had not permitted him to visit with his children on holidays and during vacation periods over the past several years, and that he was not included in any decisions that the defendant made regarding the children. The defendant countered that the April 15, 2010 order modified the May, 2007 parenting plan, including the rights of the plaintiff to visitation on holidays and during vacation periods.

On November 8, 2013, the court, *Klatt*, *J.*, held a hearing on the plaintiff's contempt motion. During this hearing, the court appointed a guardian ad litem, but

did not rule on the contempt motion. The court ordered the parties to comply with the May, 2007 parenting plan, which provided that the plaintiff "shall have frequent, reasonable and liberal parenting time with the children," in addition to visitation on holidays and during vacations. The court indicated explicitly that the April 15, 2010 order did not revise or modify the May, 2007 plan regarding holiday parenting time, and it ordered the parties to comply with that plan in light of an upcoming holiday. Specifically, the court stated: "I will indicate for the record [that the April 15, 2010 order] does not . . . revise or modify the [May, 2007] parenting plan regarding holiday parenting time which means as of this Thanksgiving, you are both ordered to comply with the holiday parenting plan as agreed to in the divorce as part of your joint parenting plan dated May 30, 2007. That is the order of the court." On December 24, 2013, the defendant filed the present appeal, arguing that the court, *Klatt, J.*, ignored the April 15, 2010 modification and improperly reinstated portions of the original parenting plan that the defendant claimed that Judge Pinkus had modified.

On March 28, 2014, the court, *Klatt, J.*, found the defendant in contempt. The court adopted the guardian ad litem's reports and recommendations for parenting access. The court ordered the parties to return in sixty days and advised the defendant that if she did not comply with any aspect of the guardian ad litem's plan, it would grant the plaintiff's request for a change of custody and attorney's fees. On April 28, 2014, the defendant filed an amended appeal.

On May 23, 2014, the court, *Klatt, J.*, held a hearing to determine whether the defendant was complying with the plan of the guardian ad litem. The court found that joint legal custody was no longer feasible, and ordered that (1) the plaintiff would have sole legal custody and physical custody of the minor child, and (2) the defendant would be responsible for paying certain attorney's fees because it found that she had engaged in "egregious litigation misconduct . . . over the course of time" by filing multiple requests that concerned financial matters rather than the best interests of the minor child. On July 14, 2014, the defendant filed her second amended appeal.

We first consider whether this court has subject matter jurisdiction to hear the defendant's appeal from Judge Klatt's order dated November 8, 2013. "Even though the issue of mootness was not raised in the briefs . . . this court has a duty to consider it sua sponte because mootness implicates the court's subject matter jurisdiction. It is, therefore, a threshold matter to resolve."[4] (Internal quotation marks omitted.) *Kennedy* v. *Kennedy*, 109 Conn. App. 591, 598, 952 A.2d 115 (2008). "When, during the pendency of an appeal, events have occurred that preclude an appellate court

from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *State* v. *Charlotte Hungerford Hospital*, 308 Conn. 140, 143, 60 A.3d 946 (2013).

"It is axiomatic that if the issues on appeal become moot, the reviewing court loses subject matter jurisdiction to hear the appeal. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal." (Internal quotation marks omitted.) *Kennedy* v. *Kennedy*, supra, 109 Conn. App. 599.

The defendant's appeal regarding the plaintiff's visitation rights is moot because the plaintiff now has sole physical and legal custody of the minor child pursuant to the court's order dated May 23, 2014. Despite indicating on her second amended appeal form that she was appealing from the "Rulings/Orders of May 23, 2014," the defendant has not raised a claim in this appeal with respect to the court's custody order. Insofar as the defendant's appeal challenges the November 8, 2013 order of the court interpreting Judge Pinkus' order modifying the plaintiff's visitation rights, there is no practical relief that we can afford the defendant, and her appeal is therefore moot as to this order. Furthermore, given the factually unique nature of this case, we are not persuaded that the claim raised by the defendant in this appeal qualifies for review under the capable of repetition, yet evading review exception to the mootness doctrine. See *Loisel* v. *Rowe*, 233 Conn. 370, 382–83, 660 A.2d 323 (1995). We therefore conclude that this court lacks jurisdiction to entertain the defendant's appeal from the court's November 8, 2013 order.[5]

The appeal challenging the November 8, 2013 order of the trial court is dismissed as moot. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] On her appeal forms, the defendant lists a total of fifteen orders from which she purports to appeal, including: the order dated November 4, 2013 (denying defendant's request for permission to file motion for continuance due to unavailability of two witnesses to testify during contempt hearings); the order dated November 8, 2013 (ordering parties "to comply with the holiday parenting plan as agreed to in the divorce as part of [the] joint parenting plan dated [May 30, 2007]"); the order dated November 19, 2013 (denying defendant's request for permission to file fee waiver for guardian ad litem); the order dated November 27, 2013 (denying defendant's request for permission to file motion to reargue); the order dated December 9, 2013 (denying defendant's request for permission to file financial affidavit); the order dated December 13, 2013 (ordering defendant to comply with court's prior order to pay one half of guardian ad litem's fees); the order dated January 15, 2014 (adopting recommendations of guardian ad litem "regarding limitations on the contact from the [defendant] during the [plaintiff's] parenting time"; sustaining plaintiff's objection to defendant's request for further financial discovery); the order dated February 26, 2014 (ordering, inter alia,

that both parties comply with parenting plan dated May 30, 2007); the order dated March 24, 2014 (denying defendant's motion for continuance due to unavailability of two witnesses to testify during contempt hearings); the order dated March 26, 2014 (denying defendant's request for appointment of counsel for minor child); the order dated March 28, 2014 (granting motion to quash subpoena; ordering parties to make appointment with pediatrician for minor child; ordering defendant to provide court with financial affidavit); the order dated April 7, 2014 (denying defendant's request for permission to file motion for contempt); and the order dated May 23, 2014 (granting plaintiff sole legal and physical custody of minor child). The defendant also purports to appeal from the court's orders dated April 2, 2014, and November 8, 2014. Our thorough review of the record, however, does not reveal an order issued by the court on either April 2, 2014, or November 8, 2014. To the extent that the defendant purports to appeal from orders issued by the court on those dates, we decline to review any such claims.

As noted, the defendant purports to appeal from several orders which do not modify the plaintiff's rights to visitation, including the orders dated: November 4, 2013; November 19, 2013; November 27, 2013; December 9, 2013; December 13, 2013; January 15, 2014; February 26, 2014; March 24, 2014; March 26, 2014; March 28, 2014; April 7, 2014; and May 23, 2014. We conclude that the defendant has abandoned any claims arising from the aforementioned orders as a result of an inadequate brief.

Practice Book § 67-4 prescribes the required components of an appellant's brief. It is necessary to this court's review of an appellant's claims on appeal that her brief contain, inter alia, argument and analysis regarding the alleged errors of the trial court, with appropriate references to the facts bearing on the issues raised. See Practice Book § 67-4. The defendant's brief is completely devoid of those required components. "It is well settled that [w]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." (Internal quotation marks omitted.) *Clelford* v. *Bristol*, 150 Conn. App. 229, 233, 90 A.3d 998 (2014). We carefully have reviewed the defendant's brief. The defendant has failed to brief how or why the those orders were improper. Accordingly, we decline to review the court's rulings with respect to these orders.

[2] At the time the dissolution judgment was rendered, both of the parties' children were minors.

[3] Specifically, the May, 2007 parenting plan provided the following: "The [plaintiff] shall have frequent, reasonable and liberal parenting time with the children which, at a minimum, shall include alternating weekends . . . . In addition, the [plaintiff] shall have every Thursday from 4:00 p.m. until 8:00 p.m." This plan also included a visitation schedule for holidays and school vacation periods.

[4] After oral argument, this court, sua sponte, ordered supplemental briefing on the following issue: "Whether the defendant/mother's claim pertaining to the trial court's November 8, 2013 order regarding visitation of the plaintiff/father should be dismissed as moot because on May 23, 2014, the plaintiff/father was awarded sole legal and physical custody of the minor child."

[5] For purposes of clarity, we note that even if this court were to review the merits of the defendant's sole claim on appeal, she would not prevail. Our thorough review of the transcript of the April 15, 2010 hearing on the defendant's motion to modify the parenting plan does not reveal any discussion of the plaintiff's visitation rights on holidays or during vacations. The modification order issued by Judge Pinkus provided only that the plaintiff would, at a minimum, exercise his weekend visitation with his minor son on Saturdays between 1 and 5 p.m., and on Sundays between 3 and 6 p.m. By its unambiguous terms, and in the circumstances of its making, this order did not modify the visitation rights of the plaintiff on holidays or during vacations. The court therefore did not abuse its discretion during the November 8, 2013 contempt hearing when it determined that the April 15, 2010 order did not modify the holiday visitation rights set forth in the parties' original parenting plan.