******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# A. A.-M. *v.* M. Z.*
## (AC 46000)

Alvord, Cradle and Clark, Js.

### *Syllabus*

The defendant, whose marriage to the plaintiff previously had been dissolved, appealed from the judgment of the trial court resolving several postjudgment motions. Several years after the judgment of dissolution, the plaintiff filed a motion for modification of the custody of the parties' minor child, who was then seventeen years old, and two motions for contempt. The court denied the defendants' motions for contempt, which had alleged that the plaintiff had violated the court's orders with respect to visitation, and it awarded the plaintiff sole legal custody of the child. The defendant appealed to this court, and, shortly thereafter, the child turned eighteen years old. Thereafter, the defendant filed additional motions for contempt, alleging that the plaintiff violated the court's orders by not encouraging the parties' child to see her and placing obstacles in the way of visitation. In January, 2023, the court denied the defendant's motions for contempt with respect to visitation and the defendant's claim that the plaintiff improperly claimed the child on his tax return. The defendant did not amend her appeal to challenge that decision. This court dismissed the portion of the appeal challenging the trial court's rulings related to custody and visitation, and the plaintiff subsequently filed a motion to dismiss the appeal on the basis that the defendant had failed to appeal from the January, 2023 decision. *Held* that the defendant's appeal was dismissed as moot: this court concluded, after a review of the defendant's appellate brief, that the appeal was limited to challenges to the trial court's rulings related to the defendant's rights to custody and visitation with the parties' child and the relevant portions of the defendant's request for relief were entirely dedicated to her access to the child, and, as to these issues, the appeal was rendered moot when the child attained the age of eighteen; moreover; the fact that the present case involved motions for contempt did not necessitate a conclusion that the appeal was not moot because, even if this court were to conclude that the plaintiff had violated orders of the trial court related to access to the child, there was no practical relief that could

* In accordance with federal law; see 18 U.S.C. § 2265 (d) (3) (2018), as amended by the Violence Against Women Act Reauthorization Act of 2022, Pub. L. No. 117-103, § 106, 136 Stat. 49, 851; we decline to identify any person protected or sought to be protected under a protection order, protective order, or a restraining order that was issued or applied for, or others through whom that party's identity may be ascertained.

be afforded to the defendant; accordingly, this court lacked subject matter jurisdiction.

Argued March 6—officially released April 23, 2024

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of New Britain, where the court, *Prestley, J.*, rendered judgment dissolving the marriage and granting certain other relief in accordance with the parties' separation agreement; thereafter, the court, *Caron, J.*, awarded the plaintiff temporary custody of the parties' minor child and issued orders with respect to visitation; subsequently, the court, *Hon. Eric D. Coleman*, judge trial referee, awarded the plaintiff permanent custody of the minor child, issued visitation orders, and denied the defendant's motions for contempt, and the defendant appealed to this court; thereafter, the court, *Allard, J.*, denied the defendant's motions for contempt; subsequently, this court, sua sponte, dismissed the appeal in part. *Appeal dismissed.*

*M. Z.*, self-represented, the appellant (defendant).

*A. A.-M.*, self-represented, the appellee (plaintiff).

*Opinion*

PER CURIAM. The self-represented defendant, M. Z., appeals from the judgment of the trial court resolving several postjudgment motions. Because we conclude that the defendant's appeal is moot, we dismiss the appeal for lack of subject matter jurisdiction.

The following facts and procedural history are necessary to our resolution of this appeal. The defendant and the plaintiff, A. A.-M., were married in 2003, and have one child, who was born in November, 2004. The parties' marriage was dissolved by the court, *Prestley, J.*, on

September 25, 2007. The judgment of dissolution incorporated by reference the parties' separation agreement dated September 25, 2007 (separation agreement). The agreement provided that "[t]he parties shall share joint legal and the [d]efendant shall have physical custody of their minor child . . . subject to reasonable rights of visitation to the [p]laintiff in accordance with a parenting schedule" set forth in the separation agreement. The separation agreement also provided that "[t]he parties shall exert every reasonable effort to maintain free access and unhampered contact between the child and each of the parties . . . ." On March 12, 2012, the court, *Adelman, J.*, issued a postjudgment order that, inter alia, continued the award of joint legal custody and set forth a parenting schedule that afforded the plaintiff additional parenting time (March, 2012 decision).

In October, 2021, the plaintiff filed a motion for modification of custody, seeking sole custody of the parties' child and alleging that the child had been abused by the defendant. Following a hearing on November 4, 2021, the court, *Caron, J.*, ordered, on a temporary basis, that the child primarily reside with the plaintiff. The court further ordered that the defendant be permitted to video call the child twice weekly and that the child be permitted to see the defendant "whenever he wants" (November, 2021 decision).

Also on November 4, 2021, the defendant filed a motion for contempt, in which she alleged that the plaintiff had knowingly and wilfully violated orders contained in the 2007 separation agreement and the court's March, 2012 decision. The defendant alleged, inter alia, that the plaintiff had "gone out of his way to eliminate any and all means of communication between the child and the defendant . . . ." On December 28, 2021, the defendant filed another motion for contempt, alleging that the plaintiff had violated the court's November, 2021 order that the plaintiff encourage visits between

the child and the defendant and not interfere with telephone access. On January 21, 2022, the defendant filed a motion for modification of visitation and decision-making authority with respect to postsecondary education, seeking, inter alia, "temporary visitation rights" for herself and visitation for the maternal grandparents. A hearing was held on these motions on March 4, 2022.

On September 15, 2022, the court, *Hon. Eric D. Coleman*, judge trial referee, issued a memorandum of decision resolving both parties' motions for modification and the defendant's two motions for contempt (September, 2022 decision). First, the court awarded the plaintiff sole legal custody. Next, the court denied the defendant's motions for contempt. With respect to the November, 2021 motion for contempt, the court found that the defendant had not "established by clear and convincing evidence that [the child] was not responding to her multiple phone calls of his own volition rather than because of any interference by the plaintiff." As to the December, 2021 motion for contempt, the court stated that "[t]he defendant presented no testimony, evidence or argument regarding any of the issues raised in this motion. Therefore, the defendant has not sustained her burden with respect to the allegations contained in the motion." Finally, with respect to the defendant's motion for modification, the court ordered that the child may see the defendant whenever the child wants; the plaintiff shall encourage the child to see the defendant, and he "shall place no obstacles in the way of" visits; the plaintiff shall not "prevent, hamper, discourage, or obstruct" the defendant's access to their child; the plaintiff shall transport the child to and from any visits the child desires with the defendant unless the defendant can make her own transportation arrangements; and the plaintiff shall not interfere with the defendant's scheduled telephone, FaceTime, or

video chat contacts with the child on Tuesdays and Thursdays at 7 p.m.

On October 5, 2022, the defendant filed a motion to reargue the court's September, 2022 decision, which the court denied in an order dated October 21, 2022. The defendant filed this appeal on November 10, 2022, and, shortly thereafter, the parties' child turned eighteen.

On December 6, 2022, the defendant filed with the trial court two additional motions for contempt. In the first motion for contempt, the defendant alleged that the plaintiff violated the court's September, 2022 decision by not encouraging the parties' child to see her and placing obstacles in the way of their visits and communications. In the second motion for contempt, the defendant alleged that the plaintiff improperly had claimed the child on his tax return for 2021, in violation of the 2007 judgment of dissolution. On January 5, 2023, following a hearing, the trial court, *Allard, J.*, issued an order denying the motions for contempt with respect to visits and communication, finding that the defendant had failed to sustain her burden of proof (January, 2023 decision).[1] The court denied the motion for contempt with respect to the plaintiff's improperly claiming the child on his tax return but entered remedial orders requiring the plaintiff to pay $750 to the defendant's accountant. The defendant did not thereafter amend her appeal to challenge the January, 2023 decision.

On February 10, 2023, this court ordered the parties to file memoranda "addressing whether the portion of the appeal challenging the trial court's rulings related

---

[1] In its January, 2023 decision, the court also denied an October 5, 2022 motion for contempt filed by the defendant, which alleged that the plaintiff had violated the orders in the court's September, 2022 decision because he was not encouraging the child to see her, had placed obstacles in the way of her visitation with the child, and had interfered with scheduled telephone contacts.

to custody and visitation should be dismissed for lack of subject matter jurisdiction because it was rendered moot when the parties' minor [child] reached the age of majority during the pendency of the appeal. See *Kennedy* v. *Kennedy*, 109 Conn. App. 591, 592 n.2, [952 A.2d 115] (2008)." Neither party filed a memorandum addressed to the order. On March 29, 2023, this court dismissed the portion of the appeal challenging the trial court's rulings related to custody and visitation.

On June 21, 2023, the plaintiff filed a motion to dismiss this appeal on the basis that the defendant had failed to appeal from the court's January, 2023 decision, and the defendant filed an opposition. On September 6, 2023, this court denied the motion to dismiss but sua sponte ordered the parties to "address in their briefs on the merits whether this appeal is moot because the defendant has not amended her appeal to include the trial court's January, 2023 decision . . . her appeal is limited to the issues raised in her November 10, 2022 appeal that do not challenge the trial court's rulings related to custody and visitation."

In her appellate brief, the defendant raises a number of claims.[2] First, she claims that the court erred in awarding temporary physical custody to the plaintiff in its November, 2021 decision, and permanent physical custody to the plaintiff in its September, 2022 decision. Second, she claims that the court improperly limited her presentation of evidence and cross-examination during

---

[2] The issues identified in this opinion, which are set forth in a different order than the defendant's brief, are based on this court's thorough review of her brief. We note that, in addition to the absence of any standard of review, much of the defendant's brief lacks citation to authorities and substantive discussion of the issues presented. "[When] a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Internal quotation marks omitted.) *McGovern* v. *McGovern*, 217 Conn. App. 636, 637 n.1, 289 A.3d 1255, cert. denied, 346 Conn. 1018, 295 A.3d 111 (2023).

several hearings. Third, she claims that the court improperly denied "ex parte motions, and several caseflow requests, filed by the defendant . . . pertaining to contempt actions, educational decisions, and visitation requests." Fourth, the defendant claims that the court improperly ignored the plaintiff's alleged contempt. Fifth, she claims that the court's September, 2022 decision with respect to custody was not timely issued.

In her request for relief, the defendant requests that this court "(1) reconsider and rectify the trial courts' past erroneous rulings, including the change of both temporary [and] physical custody, the contempt motion ruling, the denial of ex parte motions, and the refusal of the court to accept documents into evidence, that the defendant . . . requested to submit. As a result, the trial court will be able to make appropriate future decisions concerning the educational and financial needs of the child. (2) The defendant . . . does not wish to interact with the plaintiff . . . in any form. However, she does need to have access to her child and ensure that she and her child can reach each other with no obstacles nor boundaries, and to resume the counseling with her child, which the plaintiff . . . had intentionally terminated. (3) The defendant . . . is also respectfully asking the court and/or the plaintiff . . . to reverse the contempt motion ruling, and vacate the restraining order,[3] which is currently in place until December 1, 2023, to allow the relationship between the defendant . . . and her child to be restored, which . . . restraining order is now limiting her access to her child, by extension." (Emphasis omitted; footnote

---

[3] The restraining order is not at issue in this appeal. On December 1, 2022, the Superior Court, *Allard, J.*, in a separate action, issued a one year restraining order, protecting the plaintiff from the defendant. See *A. A.-M.* v. *M. Z*, Superior Court, judicial district of New Britain, Docket No. FA-22-5032706-S. The restraining order subsequently was extended through November 21, 2024. Id. On January 22, 2024, the defendant filed an appeal in the action involving the restraining order.

added.) The plaintiff responds in his appellate brief that the appeal should be dismissed as moot.

"Mootness is a question of justiciability that must be determined as a threshold matter because it implicates this court's subject matter jurisdiction." *Wendy V.* v. *Santiago*, 319 Conn. 540, 544, 125 A.3d 983 (2015). "It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . Mootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition or affairs between the parties. . . . A case is moot when due to intervening circumstances a controversy between the parties no longer exists." (Internal quotation marks omitted.) *J. Y.* v. *M. R.*, 215 Conn. App. 648, 661, 283 A.3d 520 (2022); see also *CT Freedom Alliance, LLC* v. *Dept. of Education*, 346 Conn. 1, 12, 287 A.3d 557 (2023) ("[a]n actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal" (internal quotation marks omitted)). "In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way." (Internal quotation marks omitted.) *Wendy V.* v. *Santiago*, supra, 545.

We carefully have reviewed the defendant's appellate briefing and conclude that her appeal is limited to challenges to the court's rulings related to her rights to custody and visitation with the parties' child. Moreover, the relevant portions of the defendant's request for relief are entirely dedicated to her access to the child. As to these issues, however, the appeal was rendered

moot when the child attained the age of eighteen.[4] See, e.g., *Kennedy* v. *Kennedy*, supra, 109 Conn. App. 592 n.2; see also, e.g., *Nowacki* v. *Nowacki*, 144 Conn. App. 503, 508–509, 72 A.3d 1245 (noting that orders with respect to parties' older child were not at issue on appeal because he reached age of majority while appeal was pending), cert. denied, 310 Conn. 939, 79 A.3d 891 (2013). The fact that the present case involves motions for contempt does not lead to the conclusion that this appeal has not become moot because, even if this court were to conclude that the plaintiff had violated orders of the court related to access to the parties' child, there is no practical relief that can be afforded the defendant. See, e.g., *Cook* v. *Cook*, 38 Conn. App. 499, 503–504, 661 A.2d 1043 (1995) (dismissing as moot appeal from denials of contempt motions where contempt motions were addressed to issue relative to which court could afford no practical relief).

The appeal is dismissed.

––––––––––––––––––––––

[4] The defendant's principal appellate briefing with respect to mootness is limited to the following: "The [defendant's] position is that this appeal is not moot, and is challenging the trial court's custody and visitation, and contempt ruling because (a) the child is still not financially independent, which affects his future financial needs, such as education, transportation, health insurance . . . etc., [and] (b) the longevity, permanency, and preservation of the defendant . . . and minor child's relationship, which is currently [nonexistent], due to the trial court's erroneous rulings."